UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PETER D'ALONZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-844 CAN |
| | ) | |
| UNIVERSITY OF NOTRE DAME DU | ) | |
| LAC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On February 26, 2007, Defendant University of Notre Dame Du Lac (Notre Dame) filed

a motion for judgment on the pleadings.  On March 13, 2007, Plaintiff Peter D'Alonzo

(D'Alonzo) filed a response.  On March 26, 2007, Notre Dame filed a reply in support of its

motion.  For the following reasons, Notre Dame's motion is **DENIED** [Doc. No. 8].

**I.     PROCEDURE**

On December 29, 2006, D'Alonzo filed his complaint in this Court.  D'Alonzo alleges

several claims in his complaint including: breach of contract, fraud, constructive fraud,

promissory estoppel, and violation of Indiana law.  On February 26, 2007, Notre Dame filed a

motion for judgment on the pleadings with regards to D'Alonzo's claims of contract breach,

fraud, constructive fraud, and promissory estoppel.

Notre Dame's motion was ripe as of March 28, 2007, but the motion was not before the

undersigned until April 9, 2007, which was the date of the parties' consent.  This Court may rule

on all pending matters in this case pursuant to 28 U.S.C. § 636(c) and the parties' consent.

A.      D'Alonzo's Motion to Strike

On March 27, 2007, D'Alonzo moved to strike Notre Dame's reply in support of its motion as untimely.  However, D'Alonzo subsequently withdrew his motion to strike on March 28, 2007.  Consequently, D'Alonzo's motion to strike is **DENIED AS MOOT** [Doc. No. 16].

**II.      ANALYSIS**

A.      Background

At this early stage of the litigation, it is far too soon to know what the facts are; all that the file contains is the Plaintiff's complaint and the Defendant's answer with a few attachments. Accordingly, this Court must construe the Plaintiff's allegations in a light most favorable to the Plaintiff in deciding the Defendant's motion for judgment on the pleadings.

D'Alonzo's complaint indicates that he was employed with Notre Dame as a senior counselor in their office of academic services for student athletes from 1997 to 2006.  In that position, D'Alonzo was entitled to receive compensation and up to this point, Notre Dame does not disagree.  However, the exact terms of the employment contract between D'Alonzo and Notre Dame are in dispute, and those terms are the subject of this lawsuit.  In essence, D'Alonzo seeks the benefit of his bargain, i.e., the compensation he believes his employment contract provides and the law requires.  Notre Dame believes that the facts are so obvious and the law so clear that there simply is no way for D'Alonzo to prevail on any theory he has alleged.  And therein lies the flaw of Notre Dame's argument.

B.      Standard of Review

Although Fed. R. Civ. P. 12(c) provides that a party can move for judgment on the pleadings after the filing of the complaint and answer, the standard a successful moving party must reach is a high one.  Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).  A court will only

grant a Fed. R. Civ. P. 12(c) motion when the plaintiff cannot prove any facts to support a claim

for relief and the moving party demonstrates that there are no material issues of fact to be

resolved.  Id.; Brunt v. Serv. Employees Int'l. Union, 284 F.3d 715, 718-19 (7th Cir. 2002).

"Such a motion should be granted 'only if it appears beyond doubt that the plaintiff cannot prove

any facts that would support his claim for relief.'"  Thomas v. Guardsmark, Inc., 381 F.3d 701,

704 (7th Cir. 2004).

The pleadings include the complaint, the answer, and any written instruments attached as

exhibits.  Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c); N. Ind. Gun & Outdoor Shows, Inc. v. City

of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).   This Court must construe pleadings liberally.

See McMath v. City of Gary, 976 F.2d 1026 (7th Cir. 1992) ("[M]ere vagueness or lack of detail

is an inadequate basis for granting a motion to dismiss.").  If a court does not exclude matters

outside of the pleadings from its consideration, it should convert the Fed. R. Civ. P. 12(c) motion

into a Fed. R. Civ. P. 56 motion for summary judgment.  Fed. R. Civ. P. 12(c); Church v. Gen.

Motors Corp., 74 F.3d 795, 798 (7th Cir. 1996).  Information not part of the pleadings is outside

the scope of Fed. R. Civ. P. 12(c).  N. Ind. Gun & Outdoor Shows, Inc., 163 F.3d at 453, n.5.

C.       Notre Dame's Motion for Judgment on the Pleadings

Notre Dame claims that it is entitled to judgment on the pleadings with regards to

D'Alonzo's claims for breach of contract, fraud, constructive fraud, and promissory estoppel

because  D'Alonzo's challenged claims are barred by the Statute of Limitations.  Notre Dame

also makes separate claim specific arguments.  However, each of D'Alonzo's claims and each of

Notre Dame's defenses are bound up in a knot of conflicting facts.  This is not unusual at this

3

early stage of litigation, but such factual conflicts cannot be the basis upon which a court may

properly grant a motion for a judgment on the pleadings under Fed. R. Civ. P. 12(c).

For example, this Court cannot say beyond doubt that D'Alonzo will not be able to

present facts that Notre Dame did in fact misrepresent matters to D'Alonzo so that he did not

know, nor could he have known, that Notre Dame had committed a breach of contract, fraud, or

failed to honor a promise for purposes of the statute of limitations.[1]  Similarly, at this stage, this

Court cannot be certain of the terms of the employment contract or the details of the terms.

Furthermore, at this stage, this Court cannot say beyond doubt that D'Alonzo will not be able to

establish his claim of fraud.

Essentially, at this stage, all this Court has is Notre Dame's contentions and D'Alonzo's

allegations regarding his employment contract and its terms.  This is insufficient to support a

judgment on the pleadings under Fed. R.Civ. P. 12(c).  Further discovery may reveal that Notre

Dame is entitled to judgment, or it may allow D'Alonzo to develop facts that prove otherwise.

However, this Court is not convinced at this time beyond doubt that D'Alonzo cannot prove facts

to establish the validity of his claims.

## III.   CONCLUSION

D'Alonzo's motion to strike is **DENIED AS MOOT** [Doc. No. 16].  Because this Court

is to construe all facts and reasonable inferences in a light favorable to the non-moving party,

---

[1]In Indiana a cause of action accrues and the statute of limitations begins to run when the
plaintiff knew or could have discovered that an injury had been sustained in the exercise of
ordinary diligence.  See Vecchio v. Conseco, Inc., 788 N.E.2d 466, 449 (Ind. Ct. App. 2003).
Fraudulent concealment is grounds for tolling the statute of limitations.  See Babcock v.
Layfayette Home Hosp., 587 N.E.2d 1320, 1323 (Ind. Ct. App. 1992).  D'Alonzo may, for
instance, be able to present facts that Notre Dame deceptively concealed a breach or fraud and
that D'Alonzo exercised due diligence so that the fraudulent concealment doctrine applies.

judgment on the pleadings is not appropriate with regards to D'Alonzo's claims.  Notre Dame's

motion is **DENIED** [Doc. No. 8].

        **SO ORDERED.**

        Dated this 11th Day of May, 2007.


                        S/Christopher A. Nuechterlein
                        Christopher A. Nuechterlein
                        United States Magistrate Judge